United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
ENTERED
January 24, 2023
Nathan Ochsner, Clerk

Jason Bailey, *et al.*, §
§
       Plaintiffs, §
§
*versus* §     Civil Action H-22-1647
§
Avis Budget Group, Inc, *et al.*, §
§
       Defendants. §

## Opinion on Partial Dismissal

The defendants, Avis Budget Group, Inc. and Aetna Life Insurance Co., have moved to dismiss the plaintiffs' claims on the basis that Jason Bailey, as the healthcare provider, lacks standing to bring this suit.

1. *Background*

Following her mastectomy, Michelle Fairley underwent a medically necessary breast reconstruction surgery. Fairley claims that at the time of her surgical care, she was a participant in the Avis employee benefit plan, which is an employer-sponsored health plan governed by the ERISA statute.[1] She claims that Aetna, acting on behalf of the plan, pre-authorized the surgical services, impliedly promising to reimburse the practice.[2] In reliance on this pre-authorization, she underwent the procedure. The plan, however, paid only a fraction of the bill, and Fairley claims that she was entitled to the prevailing charge for such services in her geographic area. She was reimbursed for roughly $15,000 of her $143,000 bill, so she was left with a post-reimbursement bill of

---

[1] [Doc. 11] at ¶ 3.

[2] *Id.* at ¶ 4.

1

approximately $128,000.[3] She brought suit for ERISA plan benefits, seeking a larger reimbursement under the terms of the plan, as well as for attorneys' fees.[4]

2. *Legal Standards*

  A. *Failure to Respond to a Motion*

As prescribed in this district's local rules, failure to respond to a motion will be taken as a representation of no opposition.[5] Nevertheless, failure to oppose a motion to dismiss is not automatically grounds to grant it; particularly for dispositive motions, such as motions to dismiss, the court still must evaluate whether dismissal is warranted.[6]

  B. *Standing as a Jurisdictional Issue*

Standing under ERISA § 502(a) is jurisdictional and subject to challenge through Rule 12(b)(1).[7] When Rule 12(b)(1) applies, courts consider whether the attack on the complaint is facial or factual; a facial attack takes the allegations as true and looks to whether the plaintiff has sufficiently pleaded subject matter jurisdiction, whereas a factual challenges the facts themselves, and matters outside the pleadings, such as testimonies and affidavits, may be considered.[8] In a factual attack, the plaintiff bears the burden to prove, by a preponderance of the

---

[3] *See id.* at ¶¶ 20, 24.

[4] *Id.* at ¶¶ 33–35.

[5] *See* L.R. 7.2.

[6] *See, e.g., John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.").

[7] *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

[8] *Cell Sci. Sys. Corp. v. Louisiana Health Serv.*, 804 F. App'x 260, 263 (5th Cir. 2020).

evidence, that jurisdiction does exist.[9]

### C. Statutory Standing

ERISA § 502(a)(1)(B) allows participants and beneficiaries under a health benefit plan to "recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the plan."[10] Healthcare providers, despite not statutorily designated, may obtain standing to sue derivatively to enforce a plan beneficiary's claim.[11] When the plan contains a valid anti-assignment provision, however, "a putative assignment to a healthcare provider is invalid and cannot bestow the provider with standing to sue under the plan."[12] Whether such a provision exists, and the effect of the provision, turns on judicial application of "universally recognized canons of contract interpretation to the plain wording" of the anti-assignment clause at issue.[13]

### 3. The Amended Complaint and Motion to Dismiss

As discussed in a previous order, the Court will treat the motion to dismiss as being addressed to the amended complaint, rather than moot, because the plaintiffs' amended complaint admits that no substantive allegations are

---

[9] *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citation and quotations omitted).

[10] 29 U.S.C. § 1132(a)(1)(B).

[11] *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333–34 (5th Cir. 2005).

[12] *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 251 (5th Cir. 2019) (citing *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 352–53 (5th Cir. 2002)).

[13] *LeTourneau*, 298 F.3d at 352.

being amended and only corrects their misnomer of the defendants' names.[14]

This motion is deemed unopposed because the plaintiff never filed a response in opposition, despite the Court already affording them extra time to do so. Since this motion is a dispositive one, however, the Court will still assess the merits.

4. *Standing*

The defendants have moved to dismiss through a factual attack on the complaint, offering extrinsic evidence that jurisdiction does not exist. Namely, the defendants have pointed to an anti-assignment provision that they claim invalidates the purported assignment.

Under this provision, "Coverage and your rights under this plan may not be assigned. A direction to pay a provider is not an assignment of any rights under this plan or of any legal or equitable right to institute any court proceeding."[15] Interpreting the plain language, this text created an anti-assignment provision that unambiguously invalidated the assignment at issue. The language is very clear that rights under the plan cannot be assigned, and the language is analogous to other cases that have recognized similar language to prohibit assignments.[16]

The defendants have attached relevant portions of the plan as extra-pleadings evidence, and this evidence strongly indicates that Jason Bailey lacks standing as the healthcare provider. To survive a 12(b)(1) motion to dismiss for lack of jurisdiction, the plaintiffs must put forth evidence that the assignment is

---

[14] *See* [Doc. 14].

[15] [Doc. 10–1] at 3.

[16] *See, e.g., LeTourneau*, 298 F.3d at 349 ("Except as permitted by the Plan or as required by state Medicaid law, no attempted assignments of benefits will be recognized by the Plan."); *Dialysis*, 938 F.3d at 252 ("The Plan will not honor claims for benefits brought by a third-party; such third-party shall not have standing to bring any such claim either independently, as a Covered Person or beneficiary, or derivatively, as an assignee of a Covered Person or beneficiary.").

valid. The plaintiffs have failed to respond to the motion at all; consequently, they have failed to prove by a preponderance that jurisdiction exists.

5. Conclusion

The defendants have offered strong evidence that Jason Bailey, the healthcare provider, lacks standing. The plaintiffs have not even responded to this argument, let alone proved by a preponderance of the evidence that standing exists. Accordingly, Jason Bailey's claims will be dismissed without prejudice. Since Michelle Fairley is a co-plaintiff, and the defendants offer no reason to question her prerogative to stand as a plaintiff in this litigation, the suit will remain but only in Michelle Fairley's name.

Signed on January 23, 2023, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge